## SUPREME COURT.

### RAY, Trustee, &c., AND OTHERS agt. VAN HOOK.

Where the plaintiff lavishly charged the defendant with depredation, embezzlement, and fraudulent misapplication of trust funds, and claimed $60,000 due the estate; and on the reference for accounting, it appeared that there was but about $17,000 balance due from the defendant, which had been probably secured by a mortgage given by him, before the reference—*held*, that although it appeared that the defendant had at one time borrowed of the estate for his own benefit, with the consent of a co-trustee, the sum of $12,000 in stocks, (which was included in the mortgage,) he was not liable for *all* the *costs* of the reference; and would not have been chargeable with any costs but for the breach of trust in taking the stocks.

The general principle in such cases is, that executors are entitled to their costs in settling their accounts so far as they are not in fault; and bound to pay costs as to such inquiries in the action as are caused by their breach of trust.

*New-York Special Term, May,* 1854. Motion for costs against the defendant, after a reference upon accounting by him as a trustee of an estate.

GEO. T. STRONG, *for plaintiffs.*

GEO. C. GODDARD, *for defendant.*

MITCHELL, Justice. In Pocock agt. Redington (3 *Ves.* 794, 800, 801) a bill was filed against an executor and trustee for an account, and charging him with breaches of trust as to real and personal estate. It appeared that there was no breach as to the real estate, but that part of the personal estate had been sold by the executor and invested in his own name in stocks bought with his own money and the proceeds of the sale. His account was correct, except as to this single breach of trust. The court held that if it had not been for that one breach he would have been entitled to his full costs : that the only doubt would be whether he should pay *any* part of the plaintiff's costs: that it would be injustice to make him pay the whole, as *one part of the bill had failed :* and that it would be sufficient to satisfy justice if he should pay that part of the costs relating to the breach only, considering his severe losses and the gain to the *cestui que trust*—for his investments had proved a loss.

In Raphael agt. Borhon (13 *Ves.* 591, *&c.*) the court, in the case of a trustee defendant, who had committed breaches of trust in not accumulating funds in his possession, gave costs against the defendant as to that accumulating, but gave him his costs in *all other* respects.

In Sanderson agt. Walker, (13 *id.* 601,) trustees for infants had bought property at a sale made by them for the infants. They were held liable for the costs of investigating that matter, but entitled to all the other costs of the suit.

In Tibbs agt. Carpenter (1 *Mad.* 162, 171, *Am. ed.*) it is said, if a suit would have been proper, and the executor a necessary party, though the executor had not misconducted himself, he ought not to pay *all the costs* of such suit, *though in the course of such suit it appears he has misconducted himself;* but if the misconduct of the executor was the *sole* occasion of the suit, he ought then to pay the costs. The bill was for the construction of a will, and the executors were allowed their costs, except the costs as to arrears of rent and balances in their hands, as to which the inquiry was solely occasioned by their breach of trust.

The general principle to be adopted from these cases is the just one, that executors are entitled to their costs in settling their accounts, so far as they are not in fault, and bound to pay costs, as to such inquiries in the action as were caused by their breach of trust.

The complaint in this case charged the defendant with having acknowleded satisfaction of a mortgage for $5,000, and not including it in his accounting with the estate : his answer stated that that mortgage did not belong to the estate ; and such appears to have been the fact, as the amount reported due by the defendant is, exclusive of interest, under $3,000 on the settlement of all his accounts. In this the plaintiffs were wrong.

The complaint charged that the defendant owed the estate first $80,000, and then by amendment $60,000. The report against him is, with interest, $3,643, to that add $1,247 paid by him pending the suit, and about $12,000 for stocks sold by him and used for his own purposes, and the total is less than

Ray, trustee, &c., and others agt. Van Hook.

$17,000. The claim of the plaintiffs was extravagant and its excess without foundation, and necessarily led to a defence of the suit and to the taking of an account. They were as much in fault in the extravagance of their claim as the defendant in not knowing and admitting the precise amount due. In addition to this, before this action was brought, the defendant was called upon by George T. Strong, Esq., the counsel for Mary Rebecca Ray, the executrix, in relation to his accounts, and stated his use of those stocks, and gave a bond and mortgage to Mrs. Ray, as executrix, for the return of the stocks and the payment of any balance due by him to the estate. None of the plaintiffs have ever disaffirmed the act of the executrix in taking this security, but have probably relied on it as one of their securities. This may not, perhaps, bar them from their original cause of action; but on a question of costs, it must be taken into consideration. The defendant had thus done what was equivalent to a confession of judgment (except as to the amount of the claim) before suit brought, and this confession was accepted by the executrix of the estate, who seems to have acted for all interested. It has secured the object intended, the return of the stocks, and probably secures also the payment of the balance due. The defendant, then, should not be charged with the costs of the accounting; and except for public policy, not for any costs in the suit. He did, however, as he admits, borrow the stocks of the estate, intending shortly to return them; and although he did this with the concurrence of his co-trustee, it was a breach of trust, and one which the court always condemns and visits with the punishment of costs. This policy of the court will be satisfied by requiring the defendant to pay the costs in the cause, except the costs of the referee and plaintiffs' costs, on the reference, and leaving the plaintiffs to pay their own costs on the reference and the costs of the referee.

The burden thus thrown on the plaintiffs is the more proper, as they unnecessarily and lavishly indulged in charges of depredation, embezzlement, and fraudulent misapplication, which seem to have had no foundation beyond their fears.